

**ORDERED in the Southern District of Florida on March 10, 2023.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUTPCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

Liliana Arlette Grajales Calderon,

       Debtor.

_____/

Case No. 21-14785-PDR

Chapter 7

## ORDER DENYING MOTION FOR SANCTIONS

A lawyer should pursue a matter on behalf of a client despite opposition, obstruction, or personal inconvenience to the lawyer and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer must also act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf.[1]

In this case, the Court is faced with the juxtaposition of a lawyer's obligation to their client against FRBP 9011, which is intended to deter and punish those parties

---

[1] R. Regulating Fla. Bar 4-1.3.

responsible for bringing forth meritless actions that result in needless litigation delay and expense. The line between a lawyer's zealous advocacy and their responsibility under FRBP 9011 can be murky. Here, Creditor argues Debtor violated FRBP 9011 because the *Rooker-Feldman* or *Younger* Abstention doctrines prevent relitigating state court rulings before the Bankruptcy Court. However, it simply cannot be said that every time these doctrines apply a litigant's arguments violate FRBP 9011, especially where, as here, application of these doctrines is complex requiring substantial briefing and argument to reach the ultimate result. In addition, a party serving a motion under FRBP 9011 should heed the requirement of specificity and clearly explain how the opposing party's actions violate the rule. Failure to do so is fatal to their cause. For the reasons that follow, the Sanctions Motion is denied.

## Background

Debtor's property located in Tamarac, Florida was initially purchased in March 2016 as an investment property. Debtor asserts it later became her homestead after she left the marital home and moved into the property. Creditor Moraitis & Raimondi, LLP represented Debtor in her divorce case, and after the representation ceased, filed a Notice of Motion to Establish Charging Lien on November 15, 2017, for fees incurred representing Debtor. The Notice was recorded in the public records of Broward County on November 16, 2017. Debtor timely filed for a homestead tax exemption for the property, which became effective January 1, 2018. On April 30,

2021, the state court entered an order granting Creditor's Motion to Establish Charging Lien in the divorce case, concluding[2]

> That [Debtor] was awarded and allocated [the Property] in the dissolution marriage action. That on November 15, 2017 when [Creditor's] Notice of Charging Lien was filed, [the Property] was not the homestead of [the Debtor]. Thereafter, as of January 1, 2018, [the Debtor] claimed the [P]roperty was homestead, however, [the Creditor's] lien attached to [the Property] prior to the homestead claim.

The order was recorded in the public records of Broward County on May 3, 2021.

Debtor filed her bankruptcy petition on May 17, 2021, and listed the property as exempt homestead pursuant to Fla. Const. art. X §4(a)(1) and Fla. Stat. Ann. §§ 222.01 & 222.02.[3] No objections to Debtor's claim of homestead exemption were filed.[4]

On August 16, 2021, Debtor filed a motion to avoid Creditor's charging lien and Creditor objected.[5] Debtor was discharged on August 20, 2021,[6] and Debtor withdrew her motion.[7] Debtor then sought to reopen this case in May 2022, amending and refiling the motion to avoid the charging lien under 11 U.S.C. § 522(f) ("Lien Avoidance Motion").[8] Creditor objected arguing that the property was not homestead

---

[2] (Doc. 32 at 11).

[3] (Doc. 1).

[4] (Doc. 61).

[5] (Docs. 17, 18).

[6] (Doc. 19).

[7] (Doc. 22).

[8] (Docs. 26, 32).

at the time the charging lien attached and therefore the charging lien cannot be avoided.[9]

The Court held initial hearings on August 4 and 18, 2022, and after hearing argument from counsel, set an evidentiary hearing.[10] On November 4, 2022, Creditor filed a *Motion for Judgment on the Papers* ("MJP") arguing that the Court could not consider the issues raised in the Lien Avoidance Motion due to the state court's prior determination regarding the application of the homestead exemption.[11] Debtor filed a response brief and Creditor replied.[12] The Court heard argument on the MJP on December 7, 2022, and in an oral ruling, granted Creditor's MJP and denied Debtor's Lien Avoidance Motion.[13] The Court found that because the state court had determined that the property was not homestead when the charging lien attached, it could not review the state court's ruling, pursuant to the *Rooker-Feldman* and *Younger* Abstention doctrines, to find otherwise and avoid the lien.

Creditor now requests sanctions against Debtor, arguing that Debtor's Lien Avoidance Motion was without any legal basis and violates FRBP 9011, and seeks Creditor's fees and expenses incurred, pursuant to FRBP 9011(c) and § 105(a)

---

[9] (Docs. 34, 39).

[10] (Docs. 40, 42). The evidentiary hearing was continued several times and was finally to be held on January 25, 2023 (Doc. 70).

[11] (Doc. 69).

[12] (Docs. 73, 74).

[13] (Doc. 77).

("Sanctions Motion").[14] Debtor responds that there are no grounds to impose sanctions because the Lien Avoidance Motion was not filed for an improper purpose, but rather to defend her constitutionally protected homestead from Creditor's charging lien.[15] The Court held a hearing on the Sanctions Motion on February 2, 2023.

## Jurisdiction

The Court's subject matter jurisdiction is derived from 28 U.S.C. § 1334. The Court has statutory authority to hear and determine this proceeding under 28 U.S.C. § 157(a) and (b)(1), and the general order of reference from the United States District Court for the Southern District of Florida.[16] The Court has constitutional authority to enter final orders in this proceeding. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Analysis

The Sanctions Motion is denied because it fails to comply with the specificity requirement of FRBP 9011. And even if it had, positions taken in the Lien Avoidance Motion did not violate the proscriptions of the rule.

### I.    FRBP 9011's Specificity Requirement.

A motion for sanctions under FRBP 9011 must "describe the specific conduct alleged to violate" the rule and "may not be filed with or presented to the court unless,

---

[14] (Doc. 79). Although Creditor styled the motion as a "Second Motion" no previous motion for sanctions has been filed in this case.

[15] (Doc. 82).

[16] *See* S.D. Fla. Local Rule 87.2(a).

within 21 days after service of the motion . . . [the challenged paper] is not withdrawn or appropriately corrected." Fed. R. Bankr. P. 9011(c)(1)(A).

> These requirements are commonly referred to as the "safe harbor" provision. The purpose of the safe harbor provision is to give notice to the opposing party of the specific actions that violate the rule, and to give the party a chance to cure such behavior before being subject to any sanctions. If the moving party does not satisfy the "safe harbor" provisions of Rule 9011, the court must deny a motion for sanctions.

*In re Manke*, 2019 WL 10733644, at *2 (Bankr. M.D. Fla. Feb. 22, 2019) (citing *In re New River Dry Dock, Inc.*, 461 B.R. 642, 647 (Bankr. S.D. Fla. 2011)). Motions for sanctions under FRBP 9011 should provide "notice of the specific conduct alleged to warrant the imposition of sanctions." *In re Miller*, 414 F. App'x 214, 216 (11th Cir. 2011). "Courts routinely hold that motions for sanctions are insufficient when they fail to describe the specific allegations that warrant sanctions and contain only conclusory statements regarding a party's pleadings being frivolous, groundless, or vexatious." *In re Manke*, 2019 WL 10733644, at *2; *see also Elie v. Pac. Land Ltd.*, No. 11-60765-CIV, 2012 WL 13005814, at *3 (S.D. Fla. July 5, 2012) (finding that the motion "fail[ed] to identify what conduct is sanctionable other than generally alleging that there is no basis for finding the [defendant] liable").

The Sanctions Motion states that "[t]he filing of this Sanction Motion was after Debtor and her attorneys were given a minimum of 21 days plus additional time for mailing to withdraw its Motion, yet the Motion was not withdrawn."[17] At the hearing,

---

[17] (Doc. 79 ¶ 18).

Debtor's counsel acknowledged she received a copy of the Sanctions Motion and had the opportunity to withdraw the Lien Avoidance Motion prior to the hearings.

However, while having complied with the 21-day notice period, Debtor failed to comply with the specificity requirement—the point of which in this case would have been to warn Debtor of the futility of pursuing the Lien Avoidance Motion when such relief was without merit or at least not available in this Court. The Sanctions Motion, as served, asserts only that "THE AMENDED MOTION IS IMPROPERLY BEFORE THIS COURT" and only briefly mentions that "pursuant to Federal doctrinal law, the Bankruptcy Court lacks jurisdiction to overrule the State Court final Order or consider this collateral attack on it."[18] It makes no further mention of the 'Federal doctrinal law' to which Creditor refers, and fails to discuss with any specificity the legal basis of the argument or why the relief Debtor sought is not attainable in this Court. For example, Creditor never mentions the terms "*Rooker-Feldman* doctrine" or "*Younger* Abstention," does not mention the elements of those doctrines, and does not apply the elements to the facts. While Creditor may ultimately have been at least partially correct in that the Court could not consider the issues raised in the Lien Avoidance Motion due to the state court's prior determination regarding the homestead exemption, Creditor failed to explain its position with sufficient specificity in the Sanctions motion when served negating the safe harbor provision of the rule. As a result, the Sanctions Motion fails to comply with FRBP 9011.

---

[18] (Doc. 79 ¶ 11).

II.    **FRBP 9011 as applied to the merits of the Lien Avoidance Motion**.

Under FRBP 9011(c), "the court *may* . . . impose an appropriate sanction . . . [i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated." Fed. R. Bankr. P. 9011(c) (emphasis added). Subdivision (b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1)    it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

Sanctions under FRBP 9011(b) may only be granted where "(1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Porto*, 645 F.3d 1294, 1303 (11th

Cir. 2011) (quoting *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir. 1995)).

The Court should "avoid using the wisdom of hindsight" and instead must inquire

whether the movant would have been aware that the claim was frivolous upon

conducting a reasonable inquiry at the time of filing. *In re Mroz*, 65 F.3d at 1572

(quoting *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir.1993)). The

question of whether a party has violated FRBP 9011 is left to the discretion of the

bankruptcy court upon its review of the totality of the circumstances. *See In re

Fazzary*, 530 B.R. 903, 906 (Bankr. M.D. Fla. 2015); *In re Grigsby*, 233 B.R. 558, 559

(Bankr. S.D. Fla. 1999); *Skandinaviska-Enskilda Banken v. C.L.C. marine Serv., Ltd.

(In re SeaEscape Cruises, Ltd.)*, 172 B.R. 1002, 1014 (S.D. Fla. 1994).

> The rule is not intended to deter an attorney's enthusiasm or creativity in pursuing factual or legal theories, but rather, to deter and punish those parties responsible for bringing forth meritless actions which result in needless litigation delay and expense. In general, only those actions without any factual or legal basis whatsoever are sanctionable.

*In re Thomason*, 161 B.R. 281, 284 (Bankr. N.D. Fla. 1993) (citing *Donaldson v. Clark*,

819 F.2d 1551, 1556 (11th Cir. 1987); *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir.

1990)); *see also In re Dekom*, No. 19-300082-KKS, 2020 WL 4004116, at *4 (Bankr.

N.D. Fla. Apr. 6, 2020) ("Courts apply the objective standard of reasonableness under

the circumstances in analyzing the debtor's conduct under Rule 9011.").

The Court may, additionally, grant sanctions based on its inherent authority

under 11 U.S.C. § 105(a) to "control and discipline attorneys appearing before it." *In

re Turner*, 519 B.R. 354, 358–59 (Bankr. S.D. Fla. 2014) (quoting *In re Mroz*, 65 F.3d

at 1575). Sanctions under the Court's inherent authority require a finding of bad

faith. *In re Mroz*, 65 F.3d at 1575; *see also In re Golan*, No. 19-10339-BKC-MAM, 2020 WL 933271, at *4 (Bankr. S.D. Fla. Feb. 19, 2020). "[T]he standard for the imposition of sanctions using the court's inherent powers is extremely high. The court must find that the very temple of justice has been defiled by the sanctioned party's conduct." *Goldin v. Bartholow*, 166 F.3d 710, 722–23 (5th Cir. 1999). However, even where a bankruptcy court does conclude that a party engaged in bad faith, § 105(a) "is, on its face, a discretionary tool for the courts." *In re Adell*, 296 F. App'x 837, 839 (11th Cir. 2008). Neither the language of § 105(a) nor any case law binding in this circuit requires a bankruptcy court to use its sanction powers under § 105(a). *Id.*

Creditor argues that the Lien Avoidance Motion was improper because it was in effect a collateral attack on the state court's determination which the Court cannot overrule, and therefore the motion was without any legal or factual merit. Creditor is correct that the Court cannot act as an appellate court and reconsider a determination made by a state court, under the *Rooker-Feldman* or *Younger* Abstention doctrines, depending on the finality of the state court judgment. *See Manning v. Harper*, 460 F. App'x 872, 874–75 (11th Cir. 2012) ("*Rooker-Feldman* applies both to claims actually raised in the state court as well as those that are 'inextricably intertwined' with the state court judgment . . . A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues."); *Shepherd v. U.S. Bank*, 839 F. App'x 304, 306 (11th Cir. 2020) (*Younger* Abstention is appropriate where "(1) the federal proceeding would interfere with ongoing state judicial

proceedings; (2) the state proceedings implicate important state interests; and (3) the plaintiffs have an adequate state remedy available."). That was, after all, the basis for the Court granting the MSP and denying the Lien Avoidance Motion. But the Court must not rely on the conclusion it reached at the end of its inquiry on the Lien Avoidance Motion, after hearings and briefings, in hindsight. Instead, the Court must determine whether the motion was frivolous or improper at the time of its filing.

The Lien Avoidance Motion argued that Creditor's charging lien could be avoided under Section 522(f) as it impaired Debtor's homestead. The parties did not dispute that the property is, at least as of the petition date, Debtor's exempt homestead. The parties also did not dispute that the charging lien impairs Debtor's homestead. The parties also did not dispute that Section 522 is the proper section of the Bankruptcy Code for Debtor to seek avoidance of the charging lien.[19] The success of the Lien Avoidance Motion depended instead on whether the charging lien had attached to the property as of the moment it became exempt under the Florida Constitution.[20] The Court was tasked to determine whether the state court *definitively* determined that the charging lien attached prior to the property becoming homestead. If the state court did determine that the charging lien had attached to the property prior to it becoming Debtor's homestead under the Florida Constitution,

---

[19] "A debtor must prove two elements to avoid a lien under § 522. First, the lien must attach or 'fix' to property already owned by the debtor. Second, the lien must impair an exemption to which the debtor would have been entitled . . . ." *In re Badalamenti*, 2021 WL 3028186, at *3 (Bankr. M.D. Fla. July 15, 2021) (internal citations omitted).

[20] "In general, for a lien to be enforceable against homestead property, its existence must be established as of the time the homestead status was acquired." *Bessemer v. Gersten*, 381 So. 2d 1344, 1347 (Fla. 1980); *see also Owen v. Owen*, 500 U.S. 305, 307 (1991) ("Pre-existing liens, then, are in effect an exemption to the Florida homestead exemption.").

then *Rooker-Feldman* or *Younger* Abstention would prevent the Court from reviewing the state court's ruling and the Lien Avoidance Motion would have to be denied. If the state court did not determine that specific issue, then the Court would be able to rule on the Lien Avoidance Motion.

It cannot be said that every time an issue may have been decided by a state court and *Rooker-Feldman* or *Younger* Abstention is determined to apply, the motion raising the issue before the bankruptcy court violates FRBP 9011. *Rooker-Feldman* and *Younger* Abstention are complex legal doctrines that require analysis of another court's ruling and record which are not always clear. Often, bankruptcy counsel is different than state court counsel and determining precisely what occurred in state court can be challenging.

Here, even though the state court order states that Creditor's "lien attached to [the Property] prior to the homestead claim," the order does not explain how that conclusion was reached. There was, for instance, the possibility that the state court merely determined when Debtor claimed the property as homestead for real property tax purposes by referencing the January 1, 2018 date, which is not the same as when it became her homestead exempt from creditors under the Florida Constitution. Only after reviewing the state court record and applying the applicable doctrines was the Court able to conclude that the state court did determine that Creditor's charging lien attached prior to the property becoming Debtor's constitutionally exempt homestead and therefore this Court was bound by the state court's ruling. Even if the state court was wrong, as Debtor argued, the remedy would have been for Debtor to appeal the

state court order. But again, that does not mean that Debtor's Lien Avoidance Motion violated FRBP 9011.

Considering the totality of the circumstances surrounding the filing of the Lien Avoidance Motion and what was required for the Court to reach its conclusion, the Court cannot conclude that Debtor filed it for an improper purpose. *Cf. In re Kellander*, 10 F. App'x 585, 586 (9th Cir. 2001) ("[T]he § 522(f) motion to avoid the child support lien was frivolous and filed for an improper purpose" "to shake things up."). Importantly, Debtor, through her counsel, was forthcoming to any inquiry posed by the Court and never showed any duplicitousness about her arguments or factual assertions. As to her counsel, it was a zealous representation of a client who was at risk of losing her homestead.

Therefore, based on the totality of the circumstances, the Court cannot determine that the Lien Avoidance Motion was objectively frivolous or filed for a blatantly improper purpose. The Court, in its discretion, finds that Debtor's filing of the Lien Avoidance Motion does not rise to the level of sanctionable conduct under FRBP 9011(c) or § 105(a).

Accordingly, the Court **ORDERS** that the Sanctions Motion (Doc. 79) is **DENIED**.

# # #

Copies Furnished To:
Aimee Melich, Esq.
John Moffa, Esq.

Aimee Melich, Esq. is directed to serve a copy of this Order on all interested parties.